Law Library

**IN THE SUPERIOR COURT
OF GUAM**

| | |
|---|---|
| DEPARTMENT OF EDUCATION, GOVERNMENT OF GUAM | Special Proceedings Case no. SP0218-09 |
| Petitioner, | **DECISION AND ORDER** |
| | re: Writ of Review |
| vs. | |
| CIVIL SERVICE COMMISSION, | |
| Respondent, | |
| And | |
| ELWIN QUITANO, | |
| Real Party In Interest. | |

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on October 5, 2012. The Guam Department of Education ("DOE") was represented by Attorney Fred Nishihara and Christina M. Pederson. The Real Party in Interest Elwin Quitano was represented by Attorney Daniel Somerfleck. After considering the matters presented, the Court hereby issues the following decision and order GRANTING DOE's petition for judicial review. The Court reverses the Civil Service Commission's decision and order on the grounds that a Final Notice of Adverse Action need only be issued within sixty (60) days of the 'alleged basis for the adverse action'.

## BACKGROUND

The instant action arises out of an adverse action appeal to the Civil Service Commission ("CSC"). On February 13, 2009, management at DOE served a Final Notice of Adverse Action to Employee, Elwin Quitano, informing him of his twenty (20) day suspension. The notice stated that if Employee Quitano completed an anger management course within

sixty (60) days of the notice, then the last ten (10) days of the suspension would be dismissed. On March 17, 2009, Employee Quitano completed a course in anger management. Subsequently, Employee Quitano filed a Motion to Dismiss for violation of 4 G.C.A. §4406, as known as the "60 day rule".

CSC heard oral arguments on the motion and shortly after issued a Decision and Order in Adverse Action Appeal, Case No. 09-AA05S, *Elwin Quitano, Employee vs. Guam Public School System, Management,* finding in favor of Employee Quitano on September 29, 2009. On October 29, 2009, DOE filed a petition for judicial review to reverse and remand the CSC's Decision and Order issued in September of 2009. The Court hereby reverses the CSC's judgment and hereby issues its decision and order based on the following analysis.

## DISCUSSION

The Supreme Court of Guam found that a Petition for Judicial Review filed pursuant to 4 G.C.A. §4406 is the proper way to invoke the Superior Court's jurisdiction to challenge a final decision by CSC. *Carlson v. Perezm,* 2007 Guam 6 ¶65. While the Court has jurisdiction, the statute does not provide a procedure for obtaining such a review. Previously, this Court has stated that it applies the standard outlined in 5 G.C.A. §9240 to these types of special proceedings. In the instant case, GDOE requests this Court to conduct a *de novo* review on the question of statutory interpretation of the statute.

The standard of review to be applied by a trial court, upon judicial review of the agency's action, is as follows: "If the agency decision is not in accordance with law or not supported by substantial evidence, the court shall order the agency to take action according to law or the evidence." 5 GCA § 9240. The court always reviews questions of law de novo. *Nissan Motor Corp. in Guam v. Sea Star Group Inc.,* 2002 Guam 5 ¶ 10. Further, the court must weigh the record as a whole, weighing both the evidence that supports and evidence that

detracts from the agency's decision. *Lopez v. Guerrero*, 882 F.Supp 952 (D. Guam App. Div. 1995) citing *Baxter v. Sullivan*, 923 F.2d 1391 (9th Cir. 1991). Additionally, the court must uphold the agency's decision where the evidence is susceptible to more than one rational interpretation. *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984).

The question before the Court is whether or not Employee received adequate notice prior to the adverse action in accordance with the law. Under Guam law, 4 G.C.A. §4406 provides the procedures for such adverse actions and appeals and states as follows:

> "An employee in the classified service who is dismissed, demoted or suspended shall be given *immediate notice* of the action, together with a specific statement of the charges upon which such action is based in the manner required by Article 2 of this Chapter. Copies thereof shall be filed with the Commission and, if applicable, with the government entity charged with hearing that person's appeal under the personnel rules governing that person's appointment not later than the working day next following the effective date of the action. In no event may an employee in the classified service be given notice and statement of the charges required by this Section after the sixtieth (60th) day after management knew or should have known the facts or events which form the *alleged basis for such action*. Any action brought by management in violation of this Section is barred and any decision based upon such action is void."

Petitioner DOE assert sufficient notice was given before the adverse action. On the other hand, Real Party in Interest Quitano contend by delaying the second half of the suspension by more than six (6) months, the notice violated the sixty (60) days rules for adverse actions. Specifically, adequate notice was not given within sixty (60) days for the second half of the suspension. The CSC agreed and held in its decision and order failure to provide final notice within the sixty (60) day voids the adverse action.

Petitioner urges the Court to adhere to the plain language of 4 G.C.A. § 4406, which requires an employee to be provided with immediate notice that includes specific information about the "action," not immediate action. Moreover, the notice is final even if it includes an incentive to have part of the action dismissed. On the other hand, the CSC reasoned that the

Final Notice of Adverse Action must inform the Employee that he or she is *presently* demoted, dismissed, or suspended; not purport to defer imposition of an action.

Real Parties in Interest assert the Guam Supreme Court has held when the statute is silent or ambiguous on a particular point, the Court should defer to agencies interpretation and states as follows:

> In reviewing an agency's construction of a statute, the Court must reject those constructions that are contrary to clear congressional intent or frustrate the policy that Congress sought to implement. *Ada v. Guam Telephone Authority*, 1999 Guam 10 (citing *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 n.9, 04 S.Ct. 2778, 2782 (1984); *Trustees of the Cal. State Univ. v. Riley*, 74 F.3d 960, 963 (9th Cir. 1996); *Citizens for Clean Air v. EPA*, 959 F.2d 839, 844 (9th Cir. 1992)). However, if statute is silent or ambiguous on a particular point, the court may defer to the agency's interpretation; but the review is limited to whether the agency's conclusion is based on a permissible construction of the statute. *Id.* (citations omitted. See *Blas v. Guam Customs & Quarantine Agency Opinion*, 2000 Guam 12 at ¶ 12.

Government of Guam Personnel Policies and Procedures gives guidance on the intent and policy of the statute and provides that employees are disciplined and not punished. According to Government of Guam Personnel Policies 11.202(B):

> Agency heads are accountable for assuring that each supervisor and manager has received orientation and training on the government's basic intent that discipline shall be a method for correcting people in such a way as to produce satisfactory job performance. The use of discipline in a punitive matter is inconsistent with the governments concept of discipline as an opportunity to provide *constructive correction*.

The CSC based their decision on the principle that effective discipline requires immediate discipline. Real Party in Interest further argues the principle of immediate discipline delineates from the constructive correction intent as stated in the Guam Personnel Policies and Procedures. By isolating the consequence from the event requiring discipline by such an extended period of six (6) months, the intended discipline is lost and the actuality of punishment is clear.

The Court agrees with Real Party in Interest's rational and adherence to the principle of constructive correction. However, the plain language of the statute clearly states notice of the adverse action is to be given within sixty (60) days "after management knew or should have known the facts or events which form the *"alleged basis for such action"* 4 G.C.A. §4406. In other words, notice of disciplinary action is to be given within sixty (60) days of the incident. A plain reading of the statute does not lead to the conclusion that the discipline must be completed within sixty (60) days of the *"allege basis for such action."* In fact, in many cases, the disciplinary action begins after the sixty (60) day period, where notice is received on the sixtieth day. See 4 G.C.A. §4201, §4202. The interpretation adopted by the CSC is neither reasonable nor feasible. DOE is in full compliance of 4 G.C.A. §4406. Additionally, the specific discipline ordered in this matter greatly enhances the employee's 'constructive correction' concept by encouraging further training in exchange for a reduced penalty. Similar approaches have been utilized in drug and alcohol related situations. The Court finds that the penalty was fair and Real Party in Interest Quitano was properly noticed in accordance with the law.

## CONCLUSION

Based on the foregoing, the Court GRANTS Petitioners Writ of Review. The Court holds the notice of disciplinary action need only be given within sixty (60) days of the "alleged basis for such adverse action." The Court hereby reverses the Civil Service Commission's decision and finds in favor of the Petitioner DOE.

SO ORDERED, this ___1___ day of ___February___ 2013.

_____

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

Dated at Hagåtña, Guam

FEB 0 1 2013

Glenn J. Mendiola
Deputy Clerk, Superior Court of Guam